IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Jose Fausto Guzman-Soto a/k/a )
Jose Fausto Guzman-Sorto, )
    Petitioner, )
     )
v. ) 1:09cv388 (LO/JFA)
     )
Director, Department of Corrections, )
    Respondent. )

FILED MAR -2 2010 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Jose Fausto Guzman-Soto a/k/a Jose Fausto Guzman-Sorto,[1] a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions of forcible sodomy and aggravated sexual battery following a jury trial in the Circuit Court of Fairfax County, Virginia. Respondent has filed a Motion to Dismiss and Rule 5 Answer with a supporting brief. Guzman-Sorto was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. For the reasons that follow, Guzman-Sorto's claims must be dismissed.

### I. Background

On April 10, 2007, a jury in Fairfax County convicted Guzman-Sorto of forcible sodomy and aggravated sexual battery. Commonwealth v. Guzman-Sorto, Case No. FE-2007-46. Pursuant to the jury's recommendation, the court sentenced Guzman-Sorto to an aggregate term of 32 years in prison on July 20, 2007. Guzman-Sorto pursued a direct appeal in the Court of Appeals of Virginia,

---

[1] In the application for relief he filed before this Court, petitioner spelled his last name "Guzman-Soto." Pet. at 1. However, throughout the state court records of his underlying prosecution, he is identified as "Guzman-Sorto." For the sake of consistency, then, petitioner will be referred to in this Memorandum Opinion by the same name he used in the Virginia courts, Guzman-Sorto.

contending that: (1) the trial court erred in finding the complaining witness competent to testify, and (2) the evidence was insufficient to convict him of the offenses charged. The Court of Appeals denied the petition for appeal on April 22, 2008. Guzman-Sorto v. Commonwealth, R. No. 2144-07-4 (Va. Ct. App. Apr. 22, 2008). On November 24, 2008, the Supreme Court of Virginia refused Guzman-Sorto's petition for a second-tier appeal. Guzman-Sorto v. Commonwealth, R. No. 081373 (Va. Nov. 24, 2008). Guzman-Sorto did not bring a state habeas petition, and instead submitted this application for federal relief pursuant to § 2254 on March 29, 2009,[2] reiterating the same two claims he raised on direct appeal. Respondent has filed a Motion to Dismiss Guzman-Sorto's claims, and Guzman-Sorto has filed a reply in opposition. Based on the pleadings and record before this Court, it appears that Guzman-Sorto exhausted both of his claims as required under 28 U.S.C. § 2254.[3]

---

[2] A habeas corpus petition submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Guzman-Sorto certified that his petition was placed in the prison mailing system on March 29, 2009, Pet. at 4, and it was date-stamped as received by the Clerk on April 8, 2009. Pet. at 1.

[3] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).
Here, as the respondent acknowledges, Brief at 4, n. 2, it is arguable that Guzman-Sorto's first claim was not properly exhausted, as it was not expressed as an error of constitutional dimension when presented to the Virginia Supreme Court on his direct appeal, and no federal constitutional principles or case law were cited in support of Guzman-Sorto's position. However, 28 U.S.C. § 2254(b)(2) now permits a federal court in its discretion to deny on the merits a habeas corpus claim despite the applicant's failure to exhaust available remedies in state court. Swisher v. True, 325 F.3d 225, 232-33 (4th Cir.), cert. denied, 539 U.S. 971 (2003) (affirming district court's discretionary election to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was

2

Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

---

"clearly unexhausted"). Because the first claim raised in this petition is clearly without merit, the Court will exercise that discretion here.

3

## III. Analysis

In his first claim, Guzman-Sorto contends that the trial court erred in finding the complaining witness competent to testify. When this same claim was made on Guzman-Sorto's direct appeal, the Virginia Court of Appeals rejected it for the following reasons:

> The complaining witness (D.R.) was ten years old at trial and was in the fifth grade. She was eight and nine years old in 2004 and 2005, when the crimes occurred. At the beginning of the trial, the trial court questioned the child to determine if she was competent to testify, after which the trial court allowed counsel to question D.R. After questioning, the trial court ruled as follows:
>
>> I find the witness is competent to testify. She knows the difference between the truth and a falsehood. She understands her obligation to tell the truth and the possible consequences of not telling the truth.
>
> '[A] child is competent to testify if he or she possesses the capacity to observe, recollect, communicate events, and intelligently frame answers to the questions asked of him or her with a consciousness of a duty to speak the truth.' Greenway v. Commonwealth, 254 Va. 147, 153, 487 S.E.2d 224, 227 (1997) (citing Cross v. Commonwealth, 195 Va. 62, 64, 77 S.E. 2d 447, 449 (1953)).
>
>> 'The competency of a child as a witness to a great extent rests in the sound discretion of the trial judge whose decision will not be disturbed unless the error is manifest. It is the duty of the trial judge to determine such competency after a careful examination of the child. In deciding the question the judge must consider the child's age, his intelligence or lack of intelligence, and his sense of moral and legal responsibility.'
>
> Id. (quoting Hepler v. Hepler, 195 Va. 611, 619, 79 S.E.2d 652, 657 (1954)).
>
> Based on the questions posed to D.R. and her responses, the trial court did not abuse its discretion in finding D.R. competent to testify as a witness.

4

Guzman-Sorto, R. No. 2144-07-4 at 1 - 2. The foregoing reasoning is imputed to the Supreme Court of Virginia, which refused a second-tier appeal without explanation. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In a federal habeas corpus proceeding, an evidentiary ruling by a state court is reviewed solely to determine whether it rendered the trial fundamentally unfair or violated an explicit constitutional right. Edwards v. Butler, 82 F.2d 160, 164 (5th Cir. 1989). Because federal habeas review is confined to errors of constitutional dimension, an issue concerning the mere admissibility of evidence under state law is not cognizable. Ball v. Wyrick, 547 F.2d 78, 79 (8th Cir. 1977). In addition, federal courts must defer to state court findings of subsidiary facts which are pertinent to the challenged determination. Miller v. Fenton, 474 U.S. 104, 114-15 (1985). Thus, in the specific context of a challenge to the competency of a witness to testify, the "role [of the federal court] is properly fulfilled by examining ... whether [the witness'] testimony was so grossly unreliable that, viewed in the context of the entire trial, it infected and fatally undermined the reliability of [the] conviction." Peters v. Whitley, 942 F.2d 937, 940 (5th Cir. 1991), cert. denied, 502 U.S. 1113 (1992).

In this case, the trial court determined as fact that D.R. knew the difference between truth and a falsehood, and understood both her obligation to tell the truth and the possible consequences of not doing so. Because Guzman-Sorto has come forward with no clear and convincing evidence which would show that those findings were incorrect, they must be accepted here. See 28 U.S.C. § 2254(e)(1).[4] Review of D.R.'s testimony, Tr. 4/9/07 at 75-127, reveals nothing to indicate that it was

---

[4]Guzman-Sorto's "Opposition to Motion to Dismiss" consists of an unsworn statement in which he states only that he "contests the state court finding on the ground that they are unreasonable in light of the facts on the record, as set forth in the habeas petition." (Docket # 14)

so grossly unreliable that it undermined the fairness of the trial. Cf. Peters, 942 F.2d at 940. Because the rejection of Guzman-Sorto's first claim by the Virginia courts thus was consistent with clearly established federal law and was not based on an unreasonable determination of the facts, the claim likewise must be denied here. Williams, 529 U.S. at 412-13.

In his second claim, Guzman-Sorto asserts that the evidence was insufficient to sustain his convictions. On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

When Guzman-Sorto challenged the sufficiency of the evidence on his direct appeal, the Virginia Supreme Court found his argument to be without merit, as follows:

> [T]he evidence proved that appellant voluntarily went to the police station on August 23, 2006, to speak with Detective Colligan about his relationship with D.R. and D.R.'s mother. Colligan explained to appellant that he was not in custody and was free to leave at any time. Appellant indicated he understood and told Colligan he wanted to

6

make a statement. When asked if he knew why he was asked to visit the station, appellant said he believed D.R. had reported that he had touched her vagina. Appellant then told Colligan in detail how he had disrobed D.R. and licked her vagina approximately twenty times in the trailer, mostly in D.R.'s bed. Appellant also admitted touching the outside parts of D.R.'s vagina with his penis between ten and twenty times, simulating sexual intercourse but not penetrating her vagina, and kissing D.R.'s breasts.

D.R. testified that appellant kissed her breasts and used his tongue and penis to touch her vagina. These acts took place inside the trailer she lived in with her mother, on the couch and in her bed. D.R. could not recall how many times this happened.

\* \* \*

Generally, 'if the accused has fully confessed that he [or she] committed the crime, then only slight corroboration of the confession is required to establish [the] *corpus delicti* beyond a reasonable doubt.' Cherrix v. Commonwealth, 257 Va. 292, 305, 513 S.E.2d 642, 651 (1999) (emphasis added); see also Powell v. Commonwealth, 267 Va. 107, 145, 590 S.E.2d 537, 560 (2004) (explaining that only slight corroborative evidence is necessary to show veracity of confession). 'The confession is itself competent evidence tending to prove the *corpus delicti*, and all that is required of the Commonwealth in such a case is to present evidence of such circumstances as will, when taken in connection with the confession, establish the *corpus delicti* beyond a reasonable doubt.' Watkins v. Commonwealth, 238 Va. 341, 349, 385 S.E. 2d 50, 54 (1989) (citations omitted). In other words, 'the *corpus delicti* need not be established by evidence independent of the confession, but may be established by both.' Aldridge v. Commonwealth, 44 Va. App. 618, 651, 606 S.E.2d 539, 555 (2004) (quoting Reid v. Commonwealth, 206 Va. 464, 468, 144 S.E. 2d 310, 313 (1965)). Likewise, 'if 'this corroborating evidence is consistent with a reasonable inference' that the accused committed the crime to which he has confessed, the Commonwealth need not establish through direct evidence those elements of the crime that are proven by the confession' Id. (quoting Jackson v. Commonwealth, 255 Va. 625, 646, 499 S.E.2d 538, 551 (1998), cert. denied, 525 U.S. 1067 (1999)). ...

\* \* \*

> Appellant voluntarily and fully confessed to numerous acts of aggravated sexual battery and forcible sodomy he committed against D.R. during a one-year period from September 2004 until September 2005, when D.R. and her mother lived in the trailer. D.R. corroborated in detail the nature of the crimes appellant committed against her. Because D.R. was properly deemed competent to testify, her testimony sufficiently corroborated appellant's confession. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of aggravated sexual battery and forcible sodomy.

Guzman-Sorto, R. No. 2144-07-4 at 2 - 4.

Here, for the reasons which were amply explained in the foregoing opinion, the evidence against Guzman-Sorto was sufficient to allow a rational trier of fact to find him guilty of forcible sodomy and aggravated sexual battery beyond a reasonable doubt. Jackson, 443 U.S. at 319. Therefore, the Virginia courts' denial of relief on Guzman-Sorto's second claim was not contrary to, or an unreasonable application of, that clearly established federal law, nor was it based on an unreasonable determination of the facts. Accordingly, that same result must pertain here. Williams, 529 U.S. at 412-13.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed. An appropriate Order shall issue.

Entered this 2nd day of March 2010.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

8